# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RANDY SHEPARD,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF WATERLOO,<br><br>    Defendant. | No. 14-CV-2057-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Plaintiff Randy Shepard's "Request for Conditional Collective Action & Appointment of Interim Class Council" ("Motion") (docket no. 8).

## II. RELEVANT PROCEDURAL HISTORY

On August 15, 2014, Shepard filed a Petition in the Iowa District Court for Black Hawk County, Iowa. Petition (docket no. 3). On September 4, 2014, Defendant City of Waterloo ("City") removed the case to this court based on federal question jurisdiction. *See* Notice of Removal (docket no. 2). On September 11, 2014, the City filed an Answer (docket no. 5). On April 14, 2015, Shepard filed the Motion. On May 1, 2015, the City filed a Resistance (docket no. 9). Shepard has not filed a reply, and the time to do so has expired. *See* LR 7(g). The Motion is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Shepard asks the court to conditionally certify the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) and to appoint interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). Shepard argues that the court should conditionally certify the FLSA claims as a collective action because "at least 102 employees . . . received a late adjustment . . . to their FLSA longevity earned . . . and[] incorrect adjustments . . . from November 1, 2013 to [the] present." Motion at 4.

The City argues that the court should not conditionally certify the claims as a collective action because: (1) "a pro se plaintiff may not pursue claims on behalf of others"; (2) "Plaintiff failed to comply with Local Rule 23(a)"; (3) the Motion "does not contain any collective action allegations which would support certification"; and (4) "Plaintiff has failed to meet his burden to show that similarly situated plaintiffs exist." Brief in Support of the Resistance (docket no. 9-1) at 1-2 (formatting omitted).

### A. *Appointment of Counsel*

Federal Rule of Civil Procedure 23(g) provides that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). In addition, "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "In a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment." Fed. R. Civ. P. 23(g) advisory committee's note. This conclusion is buttressed by the fact that Federal Rule of Civil Procedure 23 requires the court when appointing class counsel to consider, among other things, "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). The rule simply does not contemplate appointing an attorney for a pro se litigant.

The court has the authority to appoint an attorney for a pro se litigant in a civil case—28 U.S.C. § 1915 provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, such appointments are rare. *See Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971) (abrogated on other grounds by *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989)). Despite the court's power to appoint an attorney in appropriate cases, a civil litigant does not have a constitutional right to an attorney. *Carter v. Thomas*, 527 F.2d 1332, 1333 (5th Cir. 1976); *Higgins v. Steele*, 195 F.2d 366, 368 (8th Cir. 1952).

Here, no attorney has sought an appointment and Shepard is not represented by an attorney. Moreover, Shepard has not alleged that he is unable to afford the services of an attorney or that he has sought to hire an attorney. Accordingly, the court declines to appoint an attorney to represent Shepard and the putative class.

### B. *Conditional Collective Action Certification*

Defendant argues that Shepard may not represent a putative class because Shepard is not a lawyer. The court agrees.

"A nonlawyer . . . has no right to represent another entity." *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*. The reasoning behind this rule is two-fold: it protects the rights of those before the court and jealously guards the judiciary's authority to govern those who practice in its courtrooms." (internal citations omitted)). Additionally, Iowa does not permit a person not licensed to practice law to represent the interests of others in court. *See Iowa Supreme Court Comm'n on Unauthorized Practice of Law v. A-1 Assocs., Ltd.*, 623 N.W.2d 803, 808-09 (Iowa 2001). Because Shepard is not a lawyer, the court shall deny his request for conditional collective action certification.

The City also urges the court to deny the Motion because: (1) Shepard "failed to comply with Local Rule 23(a)"; (2) the Motion "does not contain any collective action allegations which would support certification"; and (3) "Plaintiff has failed to meet his burden to show that similarly situated plaintiffs exist." Brief in Support of the Resistance (docket no. 9-1) at 1-2. Because the court is denying Shepard's request to appoint an attorney and denying Shepard's request to certify a class on account of his inability to

represent other parties as a nonlawyer, the court declines to address the City's alternative grounds for denying the Motion.

## IV. CONCLUSION

In light of the foregoing, Plaintiff Randy Shepard's "Request for Conditional Collective Action & Appointment of Interim Class Council" (docket no. 8) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 12th day of May, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA